IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHNNY LITMAN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> RAY MABUS, Secretary of the Navy, and : <br> JOSIE DRISTY, DEPARTMENT : <br> OF THE NAVY, Acquisition & Integrity : <br> Office, Individually & In Her Official : <br> Capacity, : <br> : <br> Defendants. : <br> _____: | Case No.: 1:13-cv-43 (WLS) |

**ORDER**

Before the Court is Defendant Ray Mabus and Josie Dristy's Motion for a More Definite Statement. (Doc. 10.) For the reasons that follow, Defendants' Motion is **GRANTED**.

**I.   Procedural Background**

This is an employment discrimination case against Ray Mabus, the Secretary of the Navy, and Josie Dristy, the director of the Navy's Office of Acquisition and Integrity, in her individual and official capacities. Plaintiff Johnny Litman is associate counsel to the Office of General Counsel for the Department of the Navy at the Marine Corps Logistics Base in Albany, Georgia. He brought suit against Mabus and Dristy under Title VII, the Age Discrimination and Employment Act, and the Rehabilitation Act of 1973, for race, age, and disability discrimination and retaliation. The basic allegations giving rise to the complaint revolve around the Navy's response to information that Litman was indicted for six counts of theft by receiving stolen property in Dougherty County

Superior Court. Litman apparently claims the Navy wrongfully classified him as a "contractor" to suspend him and defame him out of animus toward his race and age.

Litman, a licensed attorney, filed a complaint containing these allegations on March 20, 2013. The Complaint is, as Defendants point out, "71 paragraphs encompassing 22 pages and five counts, with each count incorporating by reference all preceding paragraphs and all 51 paragraphs of factual allegations." Following service, Defendants filed a Motion for More Definite Statement on June 17, 2013.[1] In the motion, Defendants urge the Court to require Litman to file a more definite statement because his complaint is a shotgun pleading that fails to link the numerous factual allegations to causes of action. Additionally, Defendants claim the complaint sometimes makes allegations against a "defendant" and other times against "defendants" without specifying which defendant the allegation implicates. Per Defendants, the complaint also makes no distinction between purported claims against Dristy in her official capacity and those in her individual capacity.

In response, Litman claims Defendants' statement of the case demonstrates an understanding of the claims. Additionally, the lack of distinction between the defendants is not vague or confusing because regulations required him to name Mabus as a party to the action, even though he did not personally participate in the events.

## II.    Discussion

The Federal Rules of Civil Procedure embrace a theory of notice pleading. *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003). The basic idea of notice pleading is to give "the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Thus, a complaint need

---

[1] Litman briefly claims Defendants' motion is untimely. The motion, however, was filed within sixty days under Federal Rule of Civil Procedure 12(a).

only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Separate claims must be set forth in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.*

So-called "shotgun" pleadings violate these rules. *Chandler v. Volunteers of Am., Se., Inc.*, No. CV-12-S-3701-NW, 2013 WL 4058078, at *2 (N.D. Ala. Aug. 12, 2013). "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). They "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). The Eleventh Circuit has frequently condemned the use of shotgun pleadings. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). Such pleadings result in "a massive waste of judicial and private resources; moreover, the litigants suffer, and society losses confidence in the courts' ability to administer justice." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.,* 598 F.3d 802, 806 n.4 (11th Cir. 2010).

The vehicle to remedy a shotgun pleading is a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Motions for a more definite statement are ordinarily disfavored. *Thomas v. Murkerson*, No. 1:04-cv-30 (WLS), 2005 WL 2031110, at *2 (M.D. Ga. Aug. 19, 2005). Notwithstanding that, "a defendant faced with a [shotgun pleading] is not expected to frame a responsive pleading. Rather,

the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson*, 77 F.3d at 366.

The Court agrees with Defendants that Litman's complaint is a quintessential shotgun pleading requiring a more definite statement. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (describing plaintiff's complaint as a shotgun pleading because "[s]ixty-eight paragraphs precede Count One, which incorporates those paragraphs"). It contains more than fifty paragraphs of general facts, all of which are incorporated by reference into five counts. The counts themselves fail to elucidate their factual bases, but instead usually state, without clarification, that "the conduct as alleged constitutes discrimination" or retaliation or a hostile work environment. The problem with this type of pleading is that it is virtually impossible to tell which factual allegations support which cause of action. Thus, the Court and Defendants are left to speculate about which allegations are germane to particular causes of action.

In opposition to Defendants' motion, Litman makes a number of irrelevant arguments. For example, he claims Defendants "clearly" understand he is alleging Title VII and ADEA claims. But it is often possible to discern the causes of action in a shotgun pleading. *See, e.g., Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011). The main problem with a shotgun pleading, however, is that it does not notice the opposing party of the *factual allegations* that relate to each cause of action. *Wagner*, 464 F.3d at 1279. Litman also argues Defendants can just admit or deny the factual allegations and that "defendants will have ample opportunities to utilize other discovery vehicles to seek information claimed to not be understood." This, of course, is not the purpose of notice pleading. A motion for a more definite statement is designed to curtail needless discovery. *See Davis*, 516 F.3d at 981–82. Additionally, the fact that Mabus is named

according to federal regulations does not clarify which "defendant" is liable for the various causes of action.[2]

Finally, the Court should correct the Parties' mistaken assumption that Litman's pleadings must be liberally construed. Although Litman proceeds *pro se*, he is a also licensed attorney. Licensed attorneys do not get the benefit of a liberal construction simply because they decide to litigate their own cases. *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977); *Bowers v. Bd. of Regents of Univ. Sys. of Ga.*, 509 F. App'x 906, 908 n.1 (11th Cir. 2013) ("Because [the plaintiff] is a licensed lawyer, his complaint does not receive the liberal construction typically afforded *pro se* plaintiffs' complaints."). Thus, the Court holds Litman to the standards required of licensed attorneys.

### III.   Conclusion

For those reasons, Defendants' motion is **GRANTED**. Within **fourteen (14) days** from the entry of this Order, Litman shall submit an amended complaint setting forth

(1) which cause or causes of action are asserted against each Defendant;

(2) what factual allegations form the basis of each claim against each Defendant

(3) the legal theory upon which he asserts liability against each Defendant, in line with the factual allegations.

**SO ORDERED**, this   25th   day of October 2013.

 /s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[2] Moreover, the Complaint fails to explain how Dristy is liable in an individual or official capacity. "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Hinson v. Clinch County, Georgia Board of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (citation omitted). Thus, "a Title VII claim may be brought against only the *employer* and not against an individual employee." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (emphasis in original).