**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

JOHNNY LITMAN,                                   :
                                                 :
        Plaintiff,                               :
                                                 :
v.                                               :          Case No.: 1:13-cv-43 (WLS)
                                                 :
RAY MABUS, Secretary of the Navy, and:
JOSIE DRISTY, DEPARTMENT                          :
OF THE NAVY, Acquisition & Integrity             :
Office, Individually & In Her Official           :
Capacity,                                        :
                                                 :
        Defendants.                              :
_____:

## ORDER

Before the Court are Defendants' Motion for More Definite Statement as to Amended Complaint or, in the Alternative, to Dismiss for Failure to State a Claim (Doc. 19) and Renewed Motion to Dismiss or, in the Alternative, Motion to Strike Plaintiff's Second Amended Complaint (Doc. 21). For the reasons that follow, Defendants' Motion for a More Definite Statement is **GRANTED** and the renewed motion is **DENIED as moot**.

## PROCEDURAL BACKGROUND

Plaintiff Johnny Litman brought suit against Ray Mabus, the Secretary of the Navy, and Josie Dristy, the director of the Navy's Office of Acquisition and Integrity, for claims of race, age, and disability discrimination, and retaliation. Litman's first complaint, as the Court noted in a previous Order, contained "71 paragraphs encompassing 22 pages and five counts, with each count incorporating by reference all preceding paragraphs and all 51 paragraphs of factual allegations." (Doc. 17 at 2.)

Therefore, on October 25, 2013, the Court granted Defendants' Motion for a More Definite Statement, holding that Litman's complaint was a "quintessential shotgun pleading requiring a more definite statement." The Court explained:

> [Litman's complaint] contains more than fifty paragraphs of general facts, all of which are incorporated by reference into five counts. The counts themselves fail to elucidate their factual bases, but instead usually state, without clarification, that "the conduct as alleged constitutes discrimination" or retaliation or a hostile work environment. The problem with this type of pleading is that it is virtually impossible to tell which factual allegations support which cause of action. Thus, the Court and Defendants are left to speculate about which allegations are germane to particular causes of action.

(*Id.* at 4.) The Court then ordered Litman to submit an Amended Complaint setting forth:

(1) which cause or causes of action are asserted against each Defendant;
(2) what factual allegations form the basis of each claim against each Defendant
(3) the legal theory upon which he asserts liability against each Defendant, in line with the factual allegations.

(*Id.* at 5.)

On November 12, 2013, Litman filed an amended complaint that is almost identical to his first complaint. Besides a few slight changes, the amended complaint retains the form and structure the Court earlier described as a shotgun pleading. Litman's amended complaint, like his first complaint, begins with a long list of general allegations that are all incorporated by reference into five undefined causes of action.

Litman's amended complaint prompted Defendants to again move for a more definite statement or, in the alternative, for dismissal. Rather than responding to Defendants' motion on the merits, Litman instead filed—without the Court's leave or Defendants' consent—a second amended complaint that again repeats the deficiencies found in the first complaint.

## DISCUSSION

### I.      Motion for More Definite Statement

The Court must once again require Litman to recast his complaint. "[S]ince 1985, [the Eleventh Circuit] [has] condemned shotgun pleadings upward of fifty times." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008). "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). They "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). "[A] defendant faced with a complaint . . .  is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Like his first complaint, Litman's Amended and Second Amended Complaints contain all the hallmarks of shotgun pleadings. They each incorporate a long list of general allegations into five causes of action. This style of pleading requires the Court and Defendants to speculate about which factual allegations apply to which causes of action. So, for example, Litman incorporates every factual allegation into Count One and claims, without elaboration, that the "conduct as alleged . . . constitutes discrimination based on race in violation of Title VII." Thus, it is unclear what events or actions—the suspension, the demotion in 1990, the distribution of the suspension memorandum, to name a few—allegedly violated Title VII. Because Litman repeats this deficiency throughout all of his complaints, his pleadings fail to notice the defendants as to the particulars for each cause of action.

Defendants' Motion (Doc. 19) is therefore **GRANTED**. Because Litman will be required to recast his complaint, Defendants' renewed motion is **DENIED** as moot.

### II.     Motion to Dismiss

The Court agrees with Defendants that Litman's claims against Josie Dristy in her individual capacity must be dismissed for failure to state a claim. Title VII, the Age

Discrimination in Employment Act, and the Rehabilitation Act all created causes of action against *employers*, not against individual employees whose actions violated those statutes. *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) ("To the extent that Badillo seeks to hold Benefiel personally liable, there is no individual capacity liability under Title II of the ADA or the [Rehabilitation Act); *Smith v. Lomax*, 45  F.3d 402, 403 n.4 (11th Cir. 1995) (holding that individual defendants cannot be held liable under ADEA because they were not "employers"); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.").

Therefore, all claims against Josie Dristy in an individual capacity are **DISMISSED.**

## CONCLUSION

For those reasons, Defendants' motion for a motion definite statement (Doc. 19) is **GRANTED**.  Within **fourteen (14) days** from the entry of this Order, Litman shall submit an amended complaint. The amended complaint shall set forth each cause of action under a separate heading. Each cause of action must be supported with a short and plain statement of the facts showing that he is entitled to relief under that cause of action. In other words, the third amended complaint must directly show, not by reference, which particular facts apply to which particular cause of action. Litman is **NOTICED** that failure to comply with this Order may lead to sanctions, including dismissal of this action without further notice or proceeding. All claims against Josie Dristy in her individual capacity are **DISMISSED.**

Defendant's renewed motion (Doc. 21) is **DENIED** as moot.


**SO ORDERED**, this _____21st____ day of February, 2014.

 /s/ W. Louis Sands_____
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**