IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHNNY LITMAN, | : |
| Plaintiff, | : |
| v. | : Case No.: 1:13-cv-43 (WLS) |
| RAY MABUS, Secretary of the Navy, and JOSIE DRISTY, DEPARTMENT OF THE NAVY, Acquisition & Integrity Office, Individually & In Her Official Capacity, | : |
| Defendants. | : |

### ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 25). For the reasons that follow, the motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.  Procedural Background

Plaintiff Johnny Litman, a licensed attorney proceeding *pro se*, brought suit against Ray Mabus, the Secretary of the Navy, and Josie Dristy, the director of the Navy's Office of Acquisition and Integrity, for claims of race, age, and disability discrimination, and retaliation. Litman alleges that he was employed as an attorney for the United States Marine Corps, within the U.S. Department of the Navy.

Litman's first complaint, as the Court noted in a previous Order, contained "71 paragraphs encompassing 22 pages and five counts, with each count incorporating by reference all preceding paragraphs and all 51 paragraphs of factual allegations." (Doc. 17 at 2.) Therefore, on October 25, 2013, the Court granted Defendants' Motion for a More Definite Statement, holding that Litman's complaint was a "quintessential shotgun pleading requiring a more definite statement." The Court explained:

> [Litman's complaint] contains more than fifty paragraphs of general facts, all of which are incorporated by reference into five counts. The counts themselves fail to elucidate their factual bases, but instead usually state, without clarification, that "the conduct as alleged constitutes discrimination" or retaliation or a hostile work environment. The problem with this type of pleading is that it is virtually impossible to tell which factual allegations support which cause of action. Thus, the Court and Defendants are left to speculate about which allegations are germane to particular causes of action.

(*Id.* at 4.) The Court then ordered Litman to submit an Amended Complaint setting forth:

> (1) which cause or causes of action are asserted against each Defendant;
> (2) what factual allegations form the basis of each claim against each Defendant
> (3) the legal theory upon which he asserts liability against each Defendant, in line with the factual allegations.

(*Id.* at 5.)

On November 12, 2013, Litman filed an amended complaint that was almost identical to his first complaint. (Doc. 18.) Besides a few slight changes, the amended complaint retained the form and structure the Court earlier described as a shotgun pleading. Litman's amended complaint, like his first complaint, began with a long list of general allegations that were all incorporated by reference into five undefined causes of action.

Litman's amended complaint prompted Defendants to again move for a more definite statement or, in the alternative, for dismissal. Rather than responding to Defendants' motion on the merits, Litman instead filed—without the Court's leave or Defendants' consent—a second amended complaint that again repeats the deficiencies found in the first complaint. (Doc. 20.) On February 21, 2014, the Court granted Defendant Dristy's Motion to Dismiss Litman's claims against her in her individual capacity. (Doc. 23.) The Court also ordered Litman to submit a third amended complaint. (*Id.*) Litman submitted a third amended complaint on March, 7, 2014. (Doc. 24.) Litman's third amended complaint is substantially the same as his second amended complaint except that Litman has added headings for each count, thus dividing his factual allegations up by count, and a conclusory paragraph at the end of each count stating, in effect, that Defendants' alleged conduct violates the statute or statutes that provide the basis for the count. Litman has also added factual allegations to Count Four, his ADEA discrimination claim, and Count Five, his Rehabilitation Act of 1973 claim.

2

Defendants now move to dismiss Litman's third amended complaint. (Doc. 25.) Litman filed a response and an amended response to Defendants' Motion. (Docs. 26, 27.) The Court finds that the Motion is now ripe for review.

## DISCUSSION

### I. Standards of Review

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A Motion to Dismiss a Plaintiff's complaint under Rule 12(b)(6) should not be granted unless the Plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Financial Securities Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)). However, the plaintiff need not allege all the elements of proof of her claim in her complaint in order for the claim to survive a Rule 12(b)(6) motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), abrogated on other grounds by *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the al-

legations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint).

### B. Analysis

#### 1. Litman's Title VII Race-Based Discrimination Claim (Count One)

Litman alleges he was discriminated against on the basis of his race. In order to establish a prima facie case of disparate treatment on the basis of race under Title VII, a plaintiff must show he: (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) similarly situated employees outside of his protected class were treated more favorably or that he was replaced by someone outside of his protected class. *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 842 (11th Cir. 2000).

Here, Count One of Litman's third amended complaint is laden with facts regarding Litman's career, the suspension of Litman's contractor eligibility, and the distribution of a memorandum regarding that suspension. Litman does allege facts to support that he was a member of a protected class and qualified for the position. Litman also alleges facts that he suffered an adverse employment action –the suspension and the subsequent memorandum. Litman makes the legal conclusion that "Defendant[s'] conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII." (Doc. 24 at 13.) Litman also describes the racial demographics of the Department of Navy, Office of General Counsel. (*Id.* at 5.) However, Litman does not allege in Count One that similarly situated employees outside of his protected class were treated more favorably or that he was replaced by someone who was not African American. Litman has not identified adequate comparators, perhaps other Office of General Counsel employees who faced criminal charges, in order to demonstrate a plausible connection between his race and the adverse actions he suffered. Litman's legal conclusion that the adverse actions he suffered were the result of race-based discrimination is not supported by his allegations. Litman's well-pleaded displeasure with the adverse employment actions he suffered does not suffice for a well-pleaded Title VII race-based discrimination claim. The Court therefore **GRANTS** Defendants' Motion to Dismiss Count One of Plaintiff's Third Amended Complaint.

**2. Litman's Title VII and ADEA Retaliation Claims (Count Two)**

Count Two of Litman's Third Amended Complaint asserts claims for retaliation in violation of Title VII and the Age Discrimination in Employment Act. Title VII also prohibits certain employers from discriminating on the grounds of race, color, or national original. Such discrimination can include retaliation against an employee for opposing discriminatory practices or participating in an investigation or proceeding under Title VII. 42 U.S.C. § 2000e-3(a). The ADEA prohibits retaliation as well. 29 U.S.C. § 623(d). The elements of a prima facie case for a retaliation claim are the same under both Title VII and the ADEA. *Weeks v. Harden Manufacturing Co.*, 291 F.3d 1307, 1311 (11th Cir. 2002). To prevail in a retaliation action under either Title VII or the ADEA, a plaintiff must show (1) engagement in a statutorily protected activity, such as formally or informally opposing an unlawful employment practice or participating in an investigation or proceeding regarding an unlawful employment practice; (2) suffering from a materially adverse action during or after protected activity; and (3) a causal connection between the protected activity and materially adverse action. *Goldsmith v. City of Altmore,* 996 F.2d 1155, 1163 (11th Cir. 1993).

In Count Two of his Third Amended Complaint, Litman quotes extensively from a letter he sent to his employer in response to his suspension. (Doc. 24 at 13-17.) Construing the facts alleged in the light most favorable to Litman, the Court finds that Litman's letter could plausibly be construed as a statutorily protected activity under Title VII and ADEA because it opposes what he believed to be an unlawful employment activity. Nevertheless, in Count Two, Plaintiff does not allege that he suffered any materially adverse action during or after this possibly protected activity, much less a causal connection between the possibly protected activity and any materially adverse action. The Court notes that Litman makes allegations regarding Josie Dristy's response to Litman's letter opposing his suspension. Litman quotes Dristy's response as stating that she understood Litman had pleaded guilty to the misdemeanor theft charges he faced. Litman states that he made no pleas and that Dristy's

statements were "malicious, defamatory, discriminatory and wreckless slander." (Doc. 24 at 14.) However, Plaintiff pleads no facts supporting these accusations. Even if Dristy made incorrect statements in her response, Plaintiff must plead facts characterizing those statements as adverse employment actions and linking those statements to his protected activity. Plaintiff's conclusory statement that "Defendants' conduct as alleged above also constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII and ADEA" is not alone sufficient to state claims for retaliation under Title VII and the ADEA. The Court therefore **GRANTS** Defendants' Motion to Dismiss Count Two of Plaintiff's Third Amended Complaint.

### 3. Litman's Title VII, Rehabilitation Act, and ADEA Hostile Work Environment and Constructive Discharge Claims (Count Three)

Plaintiff also alleges he was subject to a hostile work environment on the basis of race, age, and disability. The standards for establishing a hostile work environment claim under the ADEA and the Rehabilitation Act of 1973 are the same as the Title VII standard. *See Wolfe v. Postmaster General*, 488 Fed.Appx. 465, 469 (11th Cir. 2012); *Cobb v. City of Roswell, Ga. ex rel. Wood*, 533 Fed. App'x. 888, 896-97 (11th Cir. 2013). "A hostile work environment claim under Title VII is established upon proof that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Nevertheless, Title VII, the ADEA, and the Rehabilitation Act are not meant to serve as "a general civility code." *Satchel v. School Board Of Hillsborough County*, 251 F. App'x 626, 630 (11th Cir. 2007) (*citing Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998)). As such, to prove a prima facie case of hostile work environment, a plaintiff must establish that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based upon a protected characteristic (here, race, age, and/or disability); (4) the harassment was sufficiently severe or pervasive to alter the terms or conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for said environment under either a theory of direct or vicarious liability. *Miller*, 277 F.3d at 1275.

In Count Three of his Third Amended Complaint, Litman asserts Defendants' October 2012 memorandum to him stating that a determination as to whether or not Litman's suspension should continue was "harrasive and factual[ly] unsupportable." (Doc. 24 at 18.) Litman alleges that he was not removed from the Suspension/Debarment List until seven months after his Superior Court hearing. (*Id.*) Litman states that Defendants took away his principle duties and did not subject any of the other white employees who served as attorneys to the same. Litman alleges that Defendants removed Plaintiff's nameplate from outside his office, mocked a mugshot of Litman in the office, subjected Litman to "other racially motivated hardships" such as referring to Litman as the former Personnel Director's "whipping boy." (*Id.*) Litman also asserts that base personnel called Litman's office requesting to speak with a "white lawyer" instead of Litman. (*Id.* at 18-19.) Litman claims that because of these actions, he never applied to become permanent counsel.

The Court finds that in Count Three, Litman pleaded facts that could plausibly support a finding of unwelcome harassment, specifically his continued suspension, the removal of job duties, the removal of his nameplate, the incidents involving his mugshot, the reference to him as the former Personnel Director's "whipping boy," and the requests to speak with a "white lawyer." The Court finds that Litman has alleged facts, specifically the facts regarding the "whipping boy" comment and the requests to speak with a "white lawyer," from which a factfinder could conclude that Litman was subject unwelcome harassment on the basis of his race in violation of Title VII. Though Litman has not yet proven the remaining elements of a Title VII hostile work environment claim, the Court notes again that a claim may survive a Rule 12(b)(6) motion to dismiss even though each element of the claim has not been pleaded with specificity. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).

Litman, however, does not plead any facts in Count Three supporting a finding that he is over the age of forty or disabled, the classes protected by the ADEA and the Rehabilitation Act. Even if the Court takes Litman's earlier pleading that he is over the age of forty (Doc. 24 at 3) as incorporated in this Count, the Court finds that Litman has alleged no facts which could support a finding that this harassment was motivated by a discriminatory animus based on his age.

The Rehabilitation Act defines disability as: "a physical or mental impairment that constitutes or results in a substantial impediment to employment." 29 U.S.C. § 705(9)(A). The

7

Court finds that Litman did not plead any facts to support a finding that he is disabled, as defined by the Rehabilitation Act, nor that the harassment he claims to have suffered was motivated by his disability.

The Court therefore **GRANTS** Defendants' Motion to Dismiss Count Three of Plaintiff's Third Amended Complaint as to Plaintiff's ADEA and Rehabilitation Act hostile work environment claims. The Court **DENIES** Defendants' Motion to Dismiss Count Three as to Plaintiff's Title VII hostile work environment claim.

### 4. Litman's ADEA Age-Based Discrimination Claim (Count Four)

The ADEA, which protects individuals at least forty years of age, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. 623(a)(1). A claim for age discrimination under the ADEA may either be established by direct or circumstantial evidence of discrimination. *Mora v. Jackson Memorial Foundation, Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010). In order to establish a *prima facie* case of age discrimination, a plaintiff must show that: 1) he was a member of a protected class, 2) he was subjected to an adverse job action, 3) his employer treated similarly situated employees outside his class more favorably, and 4) he was qualified to do his job. *Guimaraes*, 366 F. App'x at 55.

The header for Count Four of Litman's Third Amended Complaint states that it is a claim for "Age Discrimination in Violation of the Age Discrimination in Employment Act," although the body of the count only alleges that Defendants' conduct "constitutes hostile, harassive and abusive working environment in violation of Title VII, Rehab Act, and the ADEA." (sic) (Doc. 24 at 19.) In Count Four of his Third Amended Complaint, Litman asserts that during his wrongful suspension, a young attorney with little relevant experience was hired to perform Litman's job duties. Litman asserts that that within twelve months, this new attorney was promoted to the same pay grade as Litman, who then had thirty years of experience. Litman does not plead any facts in Count Three supporting a finding that he is in the class protected by the ADEA—over the age of forty. However, in the "Parties" section of Litman's Third Amended Complaint states that Litman is "at least 55 years old." (Doc. 24 at 3.) Taking this as incorporated into Count Four of the Complaint, the Court finds that Litman has sufficiently pleaded that he is in the class protected by the ADEA. The

8

Court finds that Litman's Count Four alleges that he was subjected to adverse employment actions –the re-assignment of his job responsibilities to another attorney. The Court finds also that Litman alleges facts to support a finding that his employer treated a person outside his protected class –someone under the age of forty –more favorably. Specifically, Litman alleges that his employer hired an attorney under the age of thirty-five to assume Litman's job responsibilities and gave this attorney a promotion to Litman's pay-grade after only twelve months of employment. The Court finds, finally, that Litman alleges both in Count Four and the "Preliminary Statement of Facts" section of the Third Amended Complaint facts to support a finding that he was qualified to perform his job. (Doc. 24 at 4-5, 19.) Therefore, the Court **DENIES** Defendants' Motion to Dismiss Count Four of Plaintiff's Third Amended Complaint, Plaintiff's ADEA age discrimination claim.

### 5. Litman's Rehabilitation Act Disability-Based Discrimination Claim (Count Five)

Both the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973 prohibit employers from discriminating against disabled persons. *See* 42 U.S.C. §§ 12101, 12112(a) (ADA); 29 U.S.C. § 794(a) (Rehabilitation Act). Accordingly, discrimination claims under the ADA and the Rehabilitation Act are governed by the same standards, and the Eleventh Circuit relies on ADA and Rehabilitation Act cases interchangeably. *Wilson v. School Bd. of Seminole County, Fla.*, 610 F.3d 588, 604 (11th Cir. 2010) (citing *Allmond v. Akal Sec., Inc.*, 558 F.3d 1312, 1316 n. 3 (11th Cir. 2009)).

"To establish a prima facie case of discrimination under the ADA [or Rehabilitation Act], a plaintiff must show: (1) she is disabled; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of [her] disability." *Jones v. STOA Int'l/Fla., Inc.*, 422 F. App'x 851, 852 (11th Cir. 2011) (citation omitted). The Rehabilitation Act defines disability as: "a physical or mental impairment that constitutes or results in a substantial impediment to employment." 29 U.S.C. § 705(9)(A).

The Court finds that Litman has pleaded no facts, in Count Five or elsewhere in his Third Amended Complaint, to support a finding that he is "disabled" as defined by the Rehabilitation Act. Litman's allegations that Defendants "deliberately caus[ed] his disabilities, including occupational stress, elevated diabetes and high blood pressure" are insufficient to state a disability-based discrimination claim under the Rehabilitation Act. Litman asserts that

9

Defendants retaliated against him, created a hostile working environment, and punished him for using medical leave in violation of the Rehabilitation Act but does not plead any facts to explain how Defendants did these things. Without more, Litman's Count Five is comprised of conclusory legal statements. Defendants' Motion to Dismiss Count Five of Plaintiff's Third Amended Complaint is therefore **GRANTED**.

## CONCLUSION

In its February 21, 2014 Order, the Court instructed Litman to "show, not by reference which particular facts apply to which particular cause of action." (Doc. 23.) Specifically, the Court instructed that "each cause of action must be supported with a short and plain statement of the facts showing that he is entitled to relief under that cause of action." (*Id.*) The Court finds that Litman, through his Third Amended Complaint, has still not satisfied federal pleading requirements for several of the causes of actions he brings against Defendants.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir.2005). However, further leave to amend is not warranted when: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (internal citation omitted). Here, Litman has been given leave to amend his complaints three times. The Court finds that further leave to amend is not warranted and would be futile.

Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 25) is hereby **GRANTED-IN-PART** as to Plaintiff's Counts One, Two, and Five of Plaintiff's Third Amended Complaint and Plaintiff's ADEA and Rehabilitation Act hostile work environment claims in Count Three. Defendants' Motion to Dismiss (Doc. 25) is **DENIED-IN-PART** as to Count Four of Plaintiff's Third Amended Complaint and Plaintiff's Title VII hostile work environment claim in Count Three.

**SO ORDERED**, this 22nd day of October, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**